**Herschel LeRoy WINTERS, Plaintiff-Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant-Appellee.**

**No. 236-69.**

United States Court of Appeals, Tenth Circuit.

June 15, 1970.

Robert L. Eckelberry, Littleton, Colo., for plaintiff-appellant.

Lauren N. Beasley, Chief Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., State of Utah, on the brief), for defendant-appellee.

Before PHILLIPS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Petitioner-appellant seeks habeas corpus relief which the district court denied without a hearing.

Petitioner received a 1960 Utah sentence of 1 to 20 years for burglary. He was released from prison in 1963 under an order of the Utah Board of Pardons entitled "Conditional Termination of Sentence." That order apparently provided that he should immediately depart from Utah and that if he returned the conditional termination would be voided and he would be subject to arrest and reimprisonment.

Later in 1963 he was arrested in Nevada and returned to Utah, evidently on a burglary charge for which he was never tried. While he was Utah custody, narcotics were found in a cell which he had occupied. He was charged with a narcotic violation, a jury found him guilty, and he was sentenced to a term of 0 to 5 years.

The Utah Board of Pardons, in 1965, revoked the 1963 conditional termination and ordered that the burglary and narcotic sentences run consecutively.

The petitioner then sought federal habeas relief on the basis of the banishment provision and attacked various procedures which preceded his trial on the narcotic charge. The district court did not require a response from the state and dismissed the petition without a hearing. In so doing, it held that the claimed pre-trial infirmities did not amount to any deprivation of the petitioner's rights under the federal constitution. On the

banishment question the court held that the "provision is clearly invalid, but the condition should be considered severable from the remaining conditions of parole and should have no effect on their enforceability."

The district court acted on the petition standing alone. Nothing alleged therein relates to parole. The continued reference is to conditional termination. The "remaining conditions" mentioned by the court do not appear in the record. If there were "remaining conditions" we have no way of knowing what they were.

After oral argument in this court, the attorney for the state submitted a certified copy of a November 5, 1969, order of the Utah Board of Pardons. It orders that both the burglary and narcotic sentences are "conditionally terminated effective the 9th day of December, 1969." The order further provides:

"IT IS FURTHER ORDERED that the said Herschel LeRoy Winters will thereafter immediately depart from the State of Utah and that if he should ever again enter the State of Utah for any purpose whatsoever, then this Order of Conditional Termination becomes null and void and the said Herschel LeRoy Winters will be subject to arrest and reimprisonment in the Utah State Prison to serve the remainder of his sentence."

No other condition is stated in the order. At the foot of the order is a statement signed by Winters certifying that he has read and understands the order and that he will abide thereby.

Because of this changed situation, we believe that the best disposition of the case is to remand it to the district court with directions that the petitioner be given thirty days after notice within which to amend his petition. If no amendment is filed within that time or any extension thereof that may be granted by the district court, the petition shall be dismissed. If an amended petition is presented, the case shall proceed to disposition. We suggest

that if the petitioner questions the validity of the November 5, 1969, order granting conditional termination, the district court should require a response from the state. At this time we express no opinion on the validity of a banishment condition in a termination order which is agreed to by the prisoner.

Reversed and remanded for further proceedings in accordance with this opinion.